UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Glen Kay Pugh,<br>     Debtor<br><br>U.S. Bank National Association, as Trustee, for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-5H, its assignees and/or successors, by and through its servicing agent Nationstar Mortgage LLC d/b/a Mr. Cooper,<br><br>v.<br><br>Glen Kay Pugh, Debtor; and Kevin P. Kubie, Chapter 7 Trustee | Case No. 18-19746-TBM<br><br>(Chapter 7)<br><br>**Honorable Judge Thomas B. McNamara** |

**MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(D)(1) AND (2) AS IT RELATES TO THE PROPERTY LOCATED AT 5 DEL NORTE DRIVE, ROSWELL, NM 88201**

     Secured Creditor U.S. Bank National Association, as Trustee, for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-5H ("Movant"), through its counsel, McCarthy & Holthus, LLP, hereby moves (this "Motion") the Court for an order terminating the automatic stay under 11 U.S.C. § 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), as to Movant so that it may proceed under applicable non-bankruptcy law to enforce its rights and remedies against the real property located at 5 Del Norte Drive, Roswell, NM 88201 (the "Property").

**I.
BACKGROUND FACTS**

1.     Movant is a secured creditor of Debtor Glen Kay Pugh (the "Debtor").

2.     The Debtor filed a Chapter 7 bankruptcy petition on November 8, 2018.

3.     Kevin P. Kubie (the "Trustee") was appointed and is currently acting as the Chapter 7 Trustee in the Debtor's bankruptcy case.

4.     The Property that is the subject of this Motion is improved by a single family residence located at 5 Del Norte Drive, Roswell, NM 88201 (the "Property").

1

5.   As set forth in the affidavit attached hereto as **Exhibit "1"** pursuant to L.B.R. 4001-1(a)(4)(E) and 4002-3(c), the Debtor is not in the military service.

A.   **The Loan**

6.   On or about December 12, 2006, the Debtor executed and delivered to Lehman Brothers Bank, FSB, A Federal Savings Bank ("Original Lender") that certain Promissory Note in the principal sum of $103,000.00 (hereinafter, the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit "2"**.

7.   In order to secure repayment of the Note, the Debtor executed in writing and delivered to Original Lender that certain Deed of Trust (the "First Deed of Trust") pursuant to which the Debtor granted the Original Lender a first lien in the Property, as recorded December 18, 2006, at Reception Number 284394 in the Office of the County Clerk and Recorder of Chaves County, New Mexico. A true and correct copy of the First Deed of Trust is attached hereto as **Exhibit "3"**.The Property is more particularly described in **Exhibit "3,"** together with all the structures and improvements thereon.

8.   Movant is the successor-in-interest to the Original Lender, is the holder of the Promissory Note, and is the beneficiary of the Deed of Trust. Attached hereto as **Exhibit "4"** is a true and correct copy of the Assignment of Deed of Trust dated on or about March 28, 2018.

9.   Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

10.   Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

11.   Because of the above-described default, Movant exercised its right and option to declare the entire principal balance of the Note immediately due and payable in full, and to foreclose the First Deed of Trust.

12.   After giving credit for all payments and just offsets, the Debtor owe(s) Movant the following: unpaid principal balance in the amount of $90,787.31, plus accrued interest as of November 14, 2018 in the amount of $12,676.96, plus escrow advance in the amount of $2,364.63, plus corporate advances in the amount of $3,236.20, plus Movant's attorney fees, tax, costs and expenses incurred herein in the amount of $931.00.

B.   **The Value of the Property**

13.   Movant recently obtained a Broker Price Opinion of the Property completed by Lou Angelos with FavoriteAgent.com Premier Properties (the "Appraiser"). As of November 29, 2018, the Appraiser determined that the as-is value of the Property was $79,000.00.

14. The Debtor has little or no equity on the Property when the encumbrances, potential foreclosure fees and costs, and potential costs of resale are combined, as summarized below:

| Name | Obligation | Amount |
|---|---|---|
| Value of the Property | As per Broker Price Opinion | $79,000.00 |
| Movant | First Deed of Trust | -$109,996.10 |
| **Equity Deficit:** | | **-$30,996.10** |

## II.
## LEGAL ANALYSIS

Pursuant to 11 U.S.C. § 362(d)(1) and (2), Movant requests that the Court terminate the automatic stay provision of 11 U.S.C. § 362(a) to allow it to exercise any and all of its non-bankruptcy rights in and to the Property, including but not limited to, commencing or completing the non-judicial foreclosure of it's lien on the property.

**A.  The Automatic Stay Must be Terminated under 11 U.S.C. § 362(d)(2) as to Movant because the Debtor has no Equity in the Property and the Property is not Necessary to an Effective Reorganization**

 1. **The First Element of 11 U.S.C. § 362(d)(2) is Satisfied because the Debtor does not have Equity in the Property.**

11 U.S.C. § 362(d)(2) "instructs the Court to grant relief from stay if, (i) the Debtor does not have any equity in the property, and (ii) if such property is not necessary to an effective reorganization." *In re Gunnison Center Apartments*, 320 B.R. at 401. The Debtor has the burden of proving that the property is "necessary to an effective reorganization." *Id.* at 402. Even if the property is the sole asset of the Debtor, that alone is not sufficient to deny a motion for stay relief. *Id*.

Based upon the Broker Price Opinion, it is clear the indebtedness owed by the Debtor to Movant is greater than the value of the Property. Thus, neither the Debtor nor the bankruptcy estate have equity in the Property and 11 U.S.C. § 362(d)(2)(i) has been satisfied.

 2. **The Second Element of 11 U.S.C. § 362(d)(2) is Satisfied because the Property is not Necessary for Reorganization**

The second element of 11 U.S.C. § 362(d)(2) is also satisfied for the simple reason that this is a Chapter 7 proceeding, not a Chapter 11 or Chapter 13 proceeding. Accordingly, the

3

Debtor is not attempting to reorganize, but is instead liquidating assets and seeking a discharge of debt. Therefore, the property is not necessary to reorganization and the second element under 11 U.S.C. § 362(d)(2) is satisfied.

Movant has satisfied the second element for stay relief under Section 362(a)(2) and the Court must immediately terminate the automatic stay as to Movant to allow it to exercise its non-bankruptcy rights and remedies against the Property.

B. **Relief from the Automatic Stay is Warranted Under 11 U.S.C. § 362(d)(1) for Lack of Adequate Protection**

Section 362(d)(1) provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

The Bankruptcy Code does not define "cause" within the meaning of the statute and this must be determined on a case by case basis. See *In re Jewett*, 146 B.R. 250, 251 (9th Cir. BAP 1992) ("the question of whether cause exists for relief from the automatic stay must be determined on a case by case basis in the bankruptcy court's discretion."). However, 11 U.S.C. § 362(d)(1) specifically identifies lack of adequate protection as "cause" for relief from the automatic stay. See *Sun Valley Ranches, Inc. v. Equitable Life Assurance Society of the United States* (*In re Sun Valley Ranches, Inc.*), 823 f.2d 1373, 1375 (9th cir. 1987). According to the Debtor's own schedules, the value of the Property is substantially lower than the amount owing to Movant.

Therefore, it is undisputed that Movant's interest in the Property is not adequately protected, justifying immediate stay relief under 11 U.S.C. § 362(d)(1).

///

///

///

///

///

## III.
## CONCLUSION

WHEREFORE, for the forgoing reasons, Movant respectfully requests that the Court enter an Order terminating the automatic stay under 11 U.S.C. § 362(a) of the Bankruptcy Code as to Movant to allow it to proceed with its non-bankruptcy remedies against the Property, and provide Movant any further relief the Court deems just and appropriate.

Dated this 10th day of December, 2018.

                McCarthy & Holthus, LLP

By: */s/ Ilene Dell'Acqua*
    Holly Shilliday, Esq. Atty. Reg. No. 24423
    Ilene Dell'Acqua, Esq. Atty. Reg. No. 31755
    7700 E. Arapahoe Road, Ste. 230
    Centennial, CO 80112
    Telephone: (877) 369-6122
    E-mail: idellacqua@mccarthyholthus.com

    Attorneys for U.S. Bank National Association, as Trustee, for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-5H, its assignees and/or successors, by and through its servicing agent Nationstar Mortgage LLC d/b/a Mr. Cooper