# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>GLEN PUGH,<br><br>Debtor. | Bankruptcy Case No. 18-19746 TBM<br>Chapter 7 |

---

## ORDER GRANTING MOTION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND MOTION TO EMPLOY LOU ANGELO AND TO APPROVE LISTING AGREEMENT FOR SALE OF REAL PROPERTY

---

THIS MATTER comes before the Court on the "Chapter 7 Trustee's Application to Retain BK Global Real Estate Services to Procure Consented Public Sale Pursuant to 11 U.S.C. § 327" (Docket No. 23, the "Application to Retain BK Global") and on the "Chapter 7 Trustee's Application for Authority and Approval to Employ Lou Angelos, a Member of Favoriteagent.com Premier Properties, and Approve Listing Agreement for Sale of Real Property" (Docket No. 25, the "Application to Employ Broker") (together, the "Applications"), both of which were filed on February 11, 2019, by Kevin Kubie, Chapter 7 Trustee (the "Trustee").

The Debtor, Glen Pugh, filed for relief under Chapter 7 on November 8, 2018. Kevin Kubie was appointed to serve as Interim Chapter 7 Trustee for the Debtor's bankruptcy estate.  (Docket No. 9.)

In his Schedule D, the Debtor identifies a property located at 5 Del Norte Drive in Roswell, New Mexico (the "Property"), as property in which a creditor, Mr. Cooper, has a secured claim.  He states that the Property has a value of $0, and asserts that Mr. Cooper's claim, in the amount of $100,580.92, is unsecured.  The Debtor does not claim any exemptions with respect to the Property.

In the Application to Retain BK Global, the Trustee states that the value of the Property is $108,000, and that Mr. Cooper's secured claim against it is "in an amount exceeding $100,580.92."  According to the Trustee, "the first mortgage debt is in excess of the market value" of the [Property]."

"It is generally recognized that a chapter 7 trustee should not liquidate fully encumbered assets, for such action yields no benefit to unsecured creditors."  *In re Scimeca Found., Inc.*, 497 B.R. 753, 781 (Bankr. E.D. Pa. 2013) (citations omitted). *See also Jubber v. Bird (In re Bird)*, 577 B.R. 365, 377 (10th Cir. BAP 2017) ("It is universally recognized, [ ] that the sale of a fully encumbered asset is generally prohibited.") (quoting *In re KVN Corp., Inc.*, 514 B.R. 1, 5 (9th Cir. BAP 2014)).

Nonetheless, in the Applications, the Trustee asks to employ a professional, BK Global Real Estate Services, to attempt to seek a "carve out" from Mr. Cooper and sell the Property.  In the Application to Employ Broker, the Trustee further seeks to employ Lou Angelos to serve as a local listing broker to list and sell the Property.  According to the Trustee, "A carve out from the sale proceeds of the [Property] for the payment of a six percent (6%) real estate commission to BK Global and any associated real estate professional . . . will result in a meaningful distribution [to unsecured creditors]."

Although there is no *per se* ban on carve-out agreements such as the one apparently contemplated by the Trustee, a presumption of impropriety arises in circumstances where a trustee seeks to sell fully encumbered property or property that is of nominal value to the bankruptcy estate.  *KVN Corp.*, 541 B.R. at 7.  Indeed, the official Handbook for Chapter 13 Trustees provides:

> A chapter 7 case must be administered to maximize and expedite dividends to creditors. A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case. The trustee must be guided by this fundamental principle when acting as trustee. Accordingly, the trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors, including unsecured priority creditors, before administering a case as an asset case. 28 U.S.C. § 586.

U.S. DOJ Exec. Office for U.S. Trs., Handbook for Chapter 7 Trustees at 4–1 (2012). Since the Applications contemplate payment to BK Global and Mr. Angelos of a six percent commission, which appears likely to eat up the majority of any "carve out" agreement that might be reached, the Court questions whether a meaningful distribution to unsecured creditors is likely.  However, since no agreement on a carve out has yet been reached, since no motion to sell the property is presently pending, and since no professional has yet requested compensation, the Court's consideration of such question is premature.  Accordingly, the Court will approve the Applications and authorize the employment of BK Global and Mr. Angelos.

Nevertheless, the Court puts the Trustee, BK Global, and Mr. Angelos on notice that the presumption of impropriety has arisen.  Thus, if or when the Trustee were to present a motion to sell the Property to the Court and were to request that the Court approve a carve-out, it would be the Trustee's burden to establish the propriety of the proposed transaction.  The Court will not approve any proposed sale and carve out unless the proposed transaction will result in meaningful distribution to unsecured creditors.  *Bird*, 577 B.R. at 378.  In evaluating whether a proposed distribution were "meaningful," the court would consider the totality of the circumstances, including (1) whether the aggregate amount of the carve out that would go to broker compensation and Chapter 7 administrative expenses (including Chapter 7 Trustee compensation) exceeds the amount of the carve out available for payment of unsecured creditors; (2) whether the amount available for distribution to unsecured creditors is significant, taking

into account the aggregate value of claims against the estate; (3) whether the overall purpose and intent of the transaction is to enrich the Trustee and the broker professionals or to provide payment to unsecured creditors.

It is, therefore,

ORDERED that the Application to Retain BK Global is GRANTED.  The Trustee is authorized, pursuant to 11 U.S.C. § 327(a), to employ BK Global to assist the Trustee in negotiating with Mr. Cooper the consensual sale of the Property and a carve out to provide for meaningful payment to unsecured creditors, as described in the Application to Retain BK Global.  It is

FURTHER ORDERED that the Application to Employ Broker is GRANTED.  The Trustee is authorized, pursuant to 11 U.S.C. § 327(a), to employ Lou Angelos to list and sell the Property, as described in the Application to Employ Broker.  It is

FURTHER ORDERED that terms of sale of the Property and of any carve out negotiated with respect to sale of the Property are subject to approval of the Court.  It is

FURTHER ORDERED that no fees or expenses shall be paid to BK Global or Mr. Angelos without prior application.

DATED this 13th day of March, 2019.

BY THE COURT:

_Thomas B. McNamara_
Thomas B. McNamara,
United States Bankruptcy Judge